WAITMAN F. JOSEPH *vs.* BENJAMIN PYLE, *et ux.*

### January Term, 1868.

1. Where no objection is made to the sufficiency of an attachment and the return of the officer thereon, but the garnishee appears and denies his indebtedness to the defendant on the merits of the case, it is too late for such garnishee to make any objection thereto in this court.

2. Where an attachment was made returnable to the fall term, 1854, of a circuit court, and a garnishee appeared and answered at the fall term, 1857, as to his indebtedness to the defendant, without making objection that no return was made at the fall term, 1854, it is too late to make such objection on the hearing of the cause in this court.

3. Where a sum is found due from a garnishee in an attachment, to the defendant, it is not improper to render a judgment against such garnishee personally for the amount thereof, where it appears that a judgment has been had by the plaintiff in the attachment against the defendant; and where the judgment against the garnishee is not greater in amount than that against the defendant.

4. A case where the proceedings against a garnishee, on it being suggested that he had not fully disclosed his indebtedness to the defendant, are held to be in conformity with sections 17, 18 and 19 of chapter 151 of Code of Virginia 1860.

*Mary Duty*, who subsequently intermarried with *Benjamin L. Pyle*, obtained a judgment against one *Ulysses D. Cox* for 400 dollars, on the 30th day of September, 1857, in the circuit court of *Tyler* county. At the time of instituting her suit on the 4th of September, 1854, she sued out an attachment against the estate of the defendant. On that attachment the sheriff endorsed on the 5th day of September following, that he delivered to *Waitman F. Joseph* a copy

---

*Absent from illness.

thereof. On the 1st day of October, 1857, *Joseph* appeared in court and answered, "that he could not say whether he owed the defendant or not, as there was an unsettled account between them." The plaintiff suggested that the garnishee had not sufficiently disclosed the effects of the defendant, *Cox*, in his hands on the 5th of September, 1854. A jury was then ordered to be empanneled to ascertain what moneys or effects of the defendant were in the hands of *Joseph*, garnishee, at the date of the service of the attachment, *i. e.*, 5th September, 1854. The cause was continued until the April term, 1866, when a trial was had, and the jury rendered a verdict finding that *Joseph* had in his hands at the date of the service of the attachment the sum of 350 dollars. The court, on motion of the defendant, set aside the verdict and granted a new trial. At the June term, 1866, another jury was empanneled, who took the several oaths prescribed by law, as also the oath to "well and truly ascertain what moneys or effects of *Ulysses D. Cox* were in the hands of the defendant, *Waitman F. Joseph*, on the 5th day of September, 1854, and a true verdict give according to the evidence." They found that *Joseph* was indebted to *Cox* in the sum of 525 dollars on the 5th of September, 1854, and that it bore interest from that date. The defendant objected to the judgment of the court being rendered on the verdict of the jury in favor of the plaintiff (the plaintiff, *Mary*, having intermarried with *Benjamin L. Pyle* pending the hearing of the matter on the garnishment) against the defendant, for the sum of 400 dollars with interest thereon from the 30th day of September, 1857, the date of the original judgment of *Mary Duty;* but the court overruled the objection and rendered judgment in favor of the plaintiffs, against *Joseph*, for the sum of 400 dollars, "which the plaintiff, *Mary Pyle*, formerly *Mary Duty*, recovered against *Ulysses D. Cox*, by the judgment of this court as aforesaid," with interest from the date of the judgment of *Mary Duty* against *Cox*, and costs in that, as also costs in the matter of garnishment. *Joseph* obtained a writ of supersedeas and brought the case to this court.

*B. Wilson* and *G. H. Lee* for the plaintiff in error.
*J. W. McCoy* for the defendants in error.

MAXWELL, J. The first cause of error assigned is that the attachment, and the return of the officer thereon, are insufficient. There was no objection of this sort made in the court below, and as the garnishee appeared and denied his indebtedness on the merits of the case it is too late now to make the objection for the first time. *Pulliam, &c.,* vs. *Aler,* 15 Gratt., 54. The second ground of error assigned is that the attachment was made returnable to the fall term, 1854, but that it does not appear that it was returned until October term, 1857. The record shows that the garnishee, Joseph, appeared on the first day of October, 1857, in court, and testified as to his indebtedness to Cox, without making the objection now made. It is too late now to make it for the first time. The third cause assigned for error is that the proceedings against Joseph, the garnishee, are not warranted by the 17th, 18th and 19th sections of chapter 151, of the code.

I think the proceedings are in precise conformity to the said sections.

The fourth cause of error assigned is that the manner in which the jury were sworn was erroneous. There were two jury trials in the case and two verdicts; one at the April term, 1866, and the other at the June term, following. The verdict found at the April term was set aside by the court, and the verdict found at the June term is the one on which the judgment was rendered, which is complained of here. The jury at the June term were sworn in substantial, and almost in literal conformity to the statute.

The fifth and last ground of error assigned in the petition is that the judgment is erroneous in this, that the jury found a verdict for 525 dollars, with interest from September, 1854, and the judgment is for 400 dollars, to be applied to the judgment in favor of Mary Duty, &c. This cause of error is abandoned by the counsel who argued the cause here, but they insist that the judgment is erroneous in this, that

the verdict of the jury was that the defendant was indebted
to Ulysses D. Cox in the sum of 525 dollars with interest
from the 5th day of September, 1854, and the judgment of
the court rendered on the verdict is that the plaintiff, Pyle,
and wife, recover of the defendant, Joseph, the sum of 400
dollars, which the plaintiff, Mary Pyle, formerly Mary Duty,
recovered against the said Cox, in the said court, with in-
terest thereon from the 30th day of September, 1857, and
her costs by her about her action of trespass on the case
aforesaid in that behalf expended, and that they also recover
of the defendant, Joseph, their costs, &c.    When instead of
rendering this judgment it is insisted that the court should
have ordered the amount found by the jury due from
Joseph to be paid by him to the receiver of the court ac-
cording to the 17th section of chapter 151, of the code.
This section provides that if it shall appear that the gar-
nishee at or after the service of the attachment was indebted
to the defendant against whom the claim is, or had in his
possession or control any goods, chattels, money, securities
or other effects belonging to the said defendant, the court
may order him to pay the amount so due by him, and de-
liver such effects to such person as it may appoint as re-
ceiver, or such garnishee may give bond, &c.

It is claimed that the court had no authority whatever to
render the judgment it did render.    The case of *The
B. & O. R. R. Co.* vs. *Gallaher's adm'r*, 14 Gratt., 563, was a
case of an attachment in favor of *Gallaher's adm'rs* vs. *P. &
F. C. Crawley* in which the railroad company was garnisheed,
and in which the court below had rendered a judgment
against the Baltimore & Ohio railroad company for 1,066
dollars and 79 cents and interest, the whole amount of the
plaintiff's claim.    This judgment of the court below was
reversed and the court proceeding to enter the judgment
which the court below ought to have entered, rendered the
judgment that the defendants in error recover of the plain-
tiff in error 309 dollars and 26 cents, with interest from the
14th day of January, 1852, till paid, and the costs of any
execution for the recovery thereof.    The form of the judg-

ment just recited is in substance the same that had been rendered by the court below in the same case, and both judgments are in form, in substance precisely like the one under review.

But it is insisted by the counsel for the plaintiff in error that the point as to the form of the judgment was not made in the case of the *B. & O. R. R. Co.* vs. *Gallaher's adm'r* nor decided by the court, therefore it is no authority for this court.

The case of *Pulliam, &c.*, vs. *Aler*, 15 Gratt., 54, was an action of debt in the name of Aler against James in which an attachment was sued out and served on Pulliam, of the firm of Pulliam & Davis, as garnishee. There was a judgment in favor of Aler against James. Afterwards, at the same term of the court, the order entered says: "came as well the plaintiff aforesaid as David M. Pulliam a garnishee summoned by virtue of the attachment aforesaid, who being examined on oath, and it appearing on such examination that at the time of the service of the said attachment there was in the possession of the firm of Pulliam & Davis, of which he is a member, money belonging to said defendant sufficient to pay the amount of the judgment aforesaid, it was therefore ordered that the said Pulliam & Davis pay over to the said plaintiff the amount of said judgment." This was the judgment complained of, and is very much like that in the case of the *B. & O. R. R. Co.* vs. *Gallaher's adm'r;* after full consideration the judgment was affirmed, all the judges being present. But here, again, the point as to the form of the judgment was neither made nor decided, so far as the report of the case shows. The case of *Kyle & Co.* vs. *Connelly*, in 3 Leigh, 719, was an attachment in the name of *Kyle & Co.* vs. *Connelly* for a debt not due. The attachment was levied on some personal property belonging to Connelly, and several persons were summoned as garnishees who were supposed to be indebted to him. There was judgment in favor of the plaintiffs against Connelly for 1,103 dollars and costs, and it was ordered that the sheriff should make sale of the property attached on a credit till the date when the

debt due the plaintiff should become payable, and it appearing that there were debts due to the defendant from the garnishees, who appeared according to the summons to the amount of 332 dollars, the court ordered said garnishees to pay to the plaintiffs the several debts by them respectively due to the defendant, with stay of execution against the garnishees till the date when the defendant's debt to the plaintiffs should become due and payable.

This judgment was rendered in the county court. Connelly took the case to the circuit court, which reversed the judgment of the county court. The case was then taken to the court of appeals by Kyle & Co., where the judgment of the circuit court was reversed and that of the county court affirmed. In this case, like the others referred to, the question as to the sufficiency of the judgment against the garnishees was neither raised nor decided, as far as appears from the report. I should not like to say that the judgments in these cases are all contrary to law, even if I should think so, as they are all the same in substance. I think, however, that they are all clearly in conformity to law. Section 17 of chapter 151 relied on by the counsel for the plaintiff here, and to which I have before referred, applies more especially to cases in which the garnishee makes answer before the plaintiff in the attachment has obtained his judgment against his debtor, in which case as the plaintiff may never recover a judgment, or if he does it may be for an amount different from that claimed by him, it is eminently proper that any amount which the garnishee may owe the defendant should not be paid to the plaintiff but should be placed under the control of the court to be paid to the plaintiff in case he recovers a judgment for that much. The 23rd section of the same chapter provides, "if the claim of the plaintiff be established judgment or decree shall be rendered for him, and the court shall dispose of the specific property, mentioned in the 2nd section, as may be right, and order the sale of any other effects or real estate, which shall not have been previously replevied or sold under this chapter, and direct the proceeds of sale, and whatever

else is subject to the attachment, including what is embraced by such replevy or forthcoming bond, to be applied in satisfaction of the judgment or decree." This section does not apply until the claim of the plaintiff is established and judgment or decree shall be rendered for him. It provides for the disposition of specific property and provides that the court shall order the sale of any other effects or real estate which shall not have been previously replevied or sold, and direct the proceeds of sale, and whatever else is subject to the attachment to be applied in satisfaction of such judgment or decree. If it be found that the garnishee is indebted to the judgment debtor, the amount so found is subject to the attachment, and must be applied under the direction of the court in satisfaction of the judgment. The mode in which the application is to be made is not pointed out. There can be, it seems to me, no more appropriate mode of making the application than for the court to order the amount found due, or sufficient of it, to be paid by the garnishee to the plaintiff, or which is the same thing, to render judgment against him for it. In fact it is a rule of law that when a statute directs anything to be done generally and does not appoint the manner of doing it, it shall be done according to the common law. Bacon, Ab. Stat. At common law the verdict of the jury can only be enforced by the judgment of the court in favor of the plaintiff against the defendant. The case of *George* vs. *Blue*, 3 Call, 455, I think fully sustains this view. This was a case in which George obtained an attachment against Sidwell as an absconding debtor. Blue was summoned as a garnishee, and confessed he owed Sidwell enough to pay the plaintiff · his debt. A judgment was rendered by the county court, that the plaintiff recover against the defendant the sum claimed with interest and costs. The same order then proceeds, "and it is ordered that the said garnishee do pay unto the plaintiff the money condemned in his hands as aforesaid towards satisfying this judgment." A writ of *fieri facias* was issued against the property of the garnishee, who gave a forthcoming bond; and judgment was afterwards

rendered on the bond in favor of the plaintiff. The garnishee then took the case to the district court, which reversed the judgment of the county court. George then took the case to the court of appeals, which reversed the judgment of the district court and affirmed that of the county court. It does not appear from the report of this case what points were raised in it, but it does distinctly appear what were decided, and very little attention to the opinion of the court will probably enable us to understand why it was that the question as to the sufficiency of the judgments in the cases before referred to was not made in those cases. The judges all appear to have been present when the case was decided. Judge Roane, delivering the opinion of the court, said: "By the law, in all cases where an attachment is returned executed, judgment is to be rendered against the principal, when the attachment is returned executed on his effects no further judgment is necessary, but an execution issues to sell those effects; but when it is returned executed on his monies in the hands of the garnishee an additional judgment is necessary to condemn such monies in his hands, and as a justification and voucher for him in future against the demand of the absconding debtor. Both these judgments have been rendered in the present case. The criticism of the appellee's counsel that an order only, and not a judgment, is rendered against the garnishee, is almost unworthy of an answer from the court. The effect and substance thereof is precisely the same." There is therefore no objection it seems to me to the judgment against Joseph on account of its form, neither upon principle, nor upon authority. It is claimed that the judgment is erroneous because it may be for more than was found due from Joseph to Cox, with interest and the costs against Joseph. What the amount of the judgment against Joseph is, does not appear from the record. The amount depends on the amount of the costs of the case of *Duty* vs. *Cox*, which the record does not show. Pyle and wife ought not to recover from Joseph any greater amount than that found due to Cox from Joseph, with interest thereon, together

Jan'y Term,          Joseph *vs.* Pyle, *et ux.*          1868.

with their costs against Joseph.    As the judgment against Joseph may not exceed this sum; this court must presume the judgment of the court below correct until the contrary appears from the record.

Upon the whole case I am clearly of opinion that the judgment must be affirmed with costs and damages to the defendants in error.

The president concurred.

JUDGMENT AFFIRMED.